UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENDON AMERICA INSURANCE CO. | CIVIL ACTION |
| VERSUS | NO: 08-4286 |
| PATRICIA GRANT, ET AL. | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion to Stay Federal Proceedings (Rec. Doc. 47)** filed by defendants Sun Construction, LLC and Sunrise Construction, LLC. Plaintiff Clarendon America Insurance Co. opposes the motion. The motion, set for hearing on February 18, 2009, is before the Court on the briefs without oral argument.[1]

### I. BACKGROUND

This lawsuit is a declaratory judgment action by Clarendon America Insurance Company ("Clarendon") against numerous

---

[1] Movers have requested oral argument but the Court is not persuaded that oral argument would assist the Court in resolving the pending issues.

defendants (collectively "Defendants") who are involved in state court litigation.  Defendants Sun Construction, LLC, Penn Mill Lakes, LLC, and Sunrise Construction and Development, LLC have been named defendants in a putative class action filed on behalf of homeowners Patricia Grant, et al. in the 22nd JDC for the Parish of St. Tammany.  The homeowners claim that Penn Mill and Sunrise designed and constructed a defective drainage system throughout their subdivision and as a result their lots have fallen into ruin.  The homeowners, Pat Grant, et al., who are defendants herein, are the plaintiff class in the state court litigation.

Clarendon issued insurance policies to Sun, Sunrise and Penn Mill that are potentially triggered by the allegations contained in the state court class action petition.  Clarendon is providing a defense to Sun, Sunrise, and Penn Mill in state court subject to a reservation of rights.  However, on August 27, 2008, Clarendon filed the instant declaratory judgment action against its insureds and the state court homeowner plaintiffs.  Clarendon contends that an "actual and justiciable dispute" exists between the parties regarding the application and interpretation of the terms of Clarendon's policies. (Comp. ¶ 22).  Clarendon seeks a judgment declaring the rights and obligations of the parties under the policies.  (Id. ¶ 23).

Defendants now move to stay this matter arguing that the facts militate in favor of this Court declining to entertain Clarendon's complaint. Clarendon opposes a stay and contends that it was only brought into the state court action after it filed its complaint in this Court. Clarendon argues that Defendants are trying to gain an unfair advantage in state court.

## II. DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." Odeco Oil & Gas Co. v. Bonnette, 4 F.3d 401, 403 -04 (5th Cir. 1993)(quoting 28 U.S.C.A. § 2201(a) (West 1994). It is well established in this circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion. Id. (citing Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989); Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), but "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

The court may consider a variety of factors in determining whether to decide a declaratory judgment suit. Odeco Oil & Gas Co., 4 F.3d at 403-04. Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment include: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

In the exercise of its sound discretion the Court declines to entertain this declaratory judgment action. The insurance "dispute" sub judice did not arise in a vacuum. Rather, it wholly relates to claims that are being adjudicated in state court and that case has been pending for nearly a year. Clarendon is now a party to that litigation so all matters in

4

controversy can be and will be fully litigated in state court. This federal lawsuit is still in its infancy and no trial date has been set.

The circumstances are highly suggestive of Clarendon having filed this suit in anticipation of being added to the state court litigation.  Clarendon has not been sued by the homeowners to date but the homeowners as well as the insureds have been named as defendants in this suit.  Clarendon complains that it was only added to the state court litigation by its insureds after it filed the instant action but that is hardly suspect given that Clarendon has been providing a defense to date.  The instant action suggests that Clarendon will contest coverage so naturally the insureds have filed a third party demand on the defense/indemnity issue.

This federal court presents no more geographical convenience to the witnesses and the parties than the state court forum which is located in neighboring St. Tammany Parish.  But most importantly, this Court cannot imagine a greater waste of judicial resources than allowing this lawsuit to go forward.  The coverage questions involved in this suit will likely be very fact intensive so duplicative discovery and motion practice with the potential for inconsistent rulings in the state and federal forums is a genuine concern.  Issues of judicial economy clearly

5

militate in favor of allowing all of the claims, including any coverage issues, to be determined in state court.

Finally, the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it. Colony Ins. Co. v. Holley, No. 02-56, 2002 WL 31683675 (E.D. La. Nov. 27, 2002) (Vance, J.) (citing Agora Syndicate, Inc. v. Robinson Janitorial Spec., Inc., 149 F.3d 371, 373 (5th Cir. 1998); State Farm Mut. Auto. Ins. Co. v. Daughdrill, 702 F.2d 70, 71 (5th Cir. 1983); Allstate Ins. Co. v. Employers Liab. Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971)).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the complaint in this matter is **DISMISSED** and the **Motion to Stay Federal Proceedings (Rec. Doc. 47)** filed by defendants Sun Construction, LLC and Sunrise Construction, LLC. is **DISMISSED** as moot.

February 26, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE